J-S94037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.D.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| S.B.R. | |
| Appellant | No. 753 MDA 2016 |

Appeal from the Order Entered April 13, 2016
in the Court of Common Pleas of Franklin County Civil Division
at No(s): 2015-1780

| | |
|---|---|
| C.D.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.B.R. | |
| | No. 869 MDA 2016 |

Appeal from the Order Entered April 13, 2016
in the Court of Common Pleas of Franklin County Civil Division
at No(s): 2015-1780

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED FEBRUARY 23, 2017**

S.B.R. ("Father") and C.D.R. ("Mother") appeal[1] from the order of the Franklin County Court of Common Pleas that ordered shared physical custody of their daughter, M.R. ("Child"), born in December 2013.  Mother

---

[*] Former Justice specially assigned to the Superior Court.

[1] As noted below, Father initially appealed the custody order at 753 MDA 2016 and Mother filed a cross-appeal at 869 MDA 2016.  Because Mother brought the underlying custody action, she is designated as the appellant.

claims that the trial court erred in granting Father's motion to reconsider and by denying her primary physical custody. Father claims that the trial court abused its discretion when it (1) imposed a shared physical custody schedule requiring Mother and Father to agree on a schedule each month and (2) required Father to use Child's maternal grandmother for childcare. We vacate and remand for further proceedings.

Mother and Father are married and previously lived together. They continued to live together following Child's birth in December 2013 until they separated in April 2015. Both Mother and Father are employed, but their employment has historically required them to work irregular schedules with shifts lasting twelve or twenty-four hours.

On May 8, 2015, Mother filed a complaint for custody seeking, in relevant part, primary physical custody, with Father having partial physical custody on the Wednesdays, Saturdays, and Sundays that Father did not work.[2] Compl., 5/8/15, at 7. Father filed an answer and new matter on June 2, 2015, requesting shared physical custody. Answer & New Matter, 6/2/15, at 7-8 (unpaginated). Father requested certain dates for custody of Child in June and suggested that he periodically submit to Mother a schedule of days he was not working each following month.

On June 4, 2015, the trial court entered a temporary custody order and scheduled a conciliation conference. The temporary custody order

---

[2] Mother and Father agreed to shared legal custody.

instituted a "graduated schedule" under which Father had physical custody for: (1) two overnights and an additional day between June 4 and July 1, 2015, (2) three overnights in July 2015, and (3) equal time beginning in August 2015. Order, 6/4/15, at 2 (unpaginated). The court provided that "Mother and Father . . . be flexible regarding the scheduling of their periods of shared physical custody to accommodate their respective work schedules." *Id.* The court further required Mother and Father to exchange their work schedules and agree to a schedule for sharing physical custody on a monthly basis. *Id.* Additionally, the court required that "[i]n the event that Father needs childcare for the child for an overnight period, he shall utilize maternal grandmother as his childcare provider." *Id.*

On September 25, 2015, following a conciliation conference, Mother and Father agreed to a division of holidays and a vacation schedule. On October 5, 2015, the court entered a temporary order memorializing that agreement.

Thereafter, Mother and Father submitted pretrial memoranda in which Mother requested primary physical custody and Father requested shared physical custody. Following the submission of witness and exhibit lists, Father filed a motion *in limine* to preclude Mother's use of copies of text messages allegedly exchanged between Father and Mother. The trial court denied the motion without prejudice to Father's opportunity to object at trial.

The trial court convened a custody hearing on February 23 and March 29, 2016. The court, over Father's objections, permitted Mother to use copies of the proffered text messages and testify that Father (1) referred to Child using inappropriate language, (2) discussed drinking alcohol or being intoxicated, and (3) sought an order for an equal share physical custody, but would agree to allow Mother to exercise physical custody for more than half of the time. Mother averred that Father's primary motivation in seeking shared custody was to avoid paying support to Mother or to obtain support from her.

On April 13, 2016, the trial court entered an opinion and order regarding custody of Child. The court directed that physical custody be shared equally, and maintained the requirement that an agreed-upon schedule be determined on a monthly basis. Trial Ct. Op. & Order, 4/13/16, at 8. The court provided that "[i]n the event Father needs childcare for the child, he shall utilize maternal grandmother as his child-care provider, if she is available." *Id.* at 9. Additionally, the court required that Mother and Father not consume alcohol twelve hours before taking physical custody of Child or when exercising physical custody. *Id.*

On May 11, 2016, Father timely filed a notice of appeal and a Pa.R.A.P. 1925 statement. *See* Pa.R.A.P. 1925(a)(2)(i), (b). That same day, Father filed a motion for reconsideration requesting that the trial court (1) vacate the provision requiring his use of maternal grandmother for

childcare, (2) set the holiday schedule previously agreed to by the parties, (3) set an alternating schedule for custody based on his work schedule, and (4) strike the text messages introduced by Mother at the February 23, 2016 hearing. On May 23, 2016, forty days after entering its custody order, the trial court purported to grant Father's motion for reconsideration in part. Specifically, the court (1) vacated the requirement that Father use maternal grandmother for childcare and (2) set forth the schedule for holidays previously agreed to by the parties. The court denied the remainder of Father's motion to reconsider.

On May 25, 2016, Mother timely filed a notice of cross-appeal and a Rule 1925 statement. On June 3, 2016, Mother also filed a motion to reconsider requesting that the May 23, 2016 order be vacated, which the trial court denied on June 7, 2016.

Mother, in the appeal docketed at 896 MDA 2016, presents two questions, which we have reordered for review:

> Whether the trial court erred by granting Father's Motion for Reconsideration of the April 1[3], 2016 Order of Court where the trial court did not have jurisdiction to reconsider the order and the reconsidered order was not in the best interest of the child?
>
> Whether the trial court erred by denying Mother's request for primary physical custody of the child where Mother has always been [C]hild's primary caretaker, where Mother's home and family can provide greater stability to [C]hild, where there are concerns about the level of care and [C]hild's safety at Father's home and where Father's motivation for shared physical custody is driven by his desire to receive child support?

Mother's Brief at 4.

Mother first argues that the trial court's May 23, 2016 order purporting to grant reconsideration must be considered a nullity because it was entered more than thirty days after the entry of the April 13, 2016 custody order. The trial court concurs that its order granting reconsideration must be vacated. We are constrained to agree.

It is well settled that there is no post-trial motion practice in domestic relations matters, including custody cases. **See** Pa.R.C.P. 1930.2(a).

> A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Pa.R.A.P 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been presented to the court.

Pa.R.C.P. 1930.2(b); **see also** Pa.R.A.P. 1701(b)(3) ("A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order."); **Valentine v. Wroten**, 580 A.2d 757, 758 (Pa. Super. 1990) ("The appeal in this case should have been filed within thirty days from the [custody] order or, reconsideration should have expressly been granted within thirty days of that order.").

Instantly, the trial court did not grant Father reconsideration of the April 13, 2016 order within thirty days, that is, by May 13, 2016. **See** Pa.R.C.P. 1930.2(b). Therefore, we agree with Mother that this Court must

vacate the untimely May 23, 2016 order granting Father requests to (1) vacate the requirement that Father use maternal grandmother for childcare and (2) set the schedule for holidays previously agreed to by the parties. *See Valentine*, 580 A.2d at 758. We note, however, that the court suggests that the provisions set forth in its May 23, 2016 order were proper in light of the record and the best interests of Child. Trial Ct. Op., 6/23/16, at 1 n.1, 5.

Mother next argues that "the evidence at trial demonstrates that the best interest of [C]hild would have been for the trial court to grant Mother's request for primary physical custody." Mother's Brief at 18. Mother contends that the order for shared physical custody is unreasonable because (1) she was the primary caretaker of Child since birth and continues to handle basic caretaking matters, (2) the shared custody arrangement has had a destabilizing effect on Child, (3) Father was apathetic to Child for most of Child's life, (4) Father's main motivation for shared custody was to avoid paying, or having Mother pay him, support, and (5) Father's consumption of alcohol and failure to secure his firearms posed risks to Child. *Id.* at 20-24.

Father responds that there was competent evidence supporting the trial court's determinations regarding shared physical custody and its order was appropriate. Father's Brief at 33. He contends that "Mother is now asking this Honorable Court to disregard the factual findings and credibility

determinations in favor of her factual findings and credibility determinations which is not within the purview of this Honorable Court." *Id.* at 32.

In her reply brief, Mother avers that Father was held in contempt of the April 13, 2016 order for violating the provision to refrain from consuming alcohol twelve hours before taking physical custody. Mother's Reply Brief at 3. Mother attaches to her reply brief a copy of an October 27, 2016 order finding Father in contempt, awarding Mother $800 in attorney's fees, and directing Father to undergo a drug and alcohol evaluation conducted by an evaluator agreed to by the parties. *See* Attachment B to Mother's Reply Brief. Under the unique circumstances of this case, we vacate the April 13, 2016 order and remand for further proceedings.

Our standard and scope of review is as follow:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.
>
> With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately

> affect the physical, intellectual, moral and spiritual well-being of the child.

***M.J.M. v. M.L.G.***, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted).

While this Court affords the trial court great deference on issues of credibility and the weight of the evidence,

> [c]hild custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always entertain an application for modification and adjustment of custodial rights.

***Arnold v. Arnold***, 847 A.2d 674, 677 (Pa. Super. 2004) (citation omitted).

The trial court, following the hearings in the instant action, explained:

> There was much testimony, as well as photographic exhibits, from Mother regarding Father's drinking habits, and her fears that they have a negative impact on [Child].[3] Father credibly admitted to his drinking habits, as well as two DUI's he received in 2007. However, Father was adamant that he does not drink during or twelve hours before his custodial periods, and the [c]ourt found him to be credible.[4] The [c]ourt was presented with no evidence

---

[3] For example, Mother testified that Father drank "pretty frequently" and "always in excess." N.T., 2/23/16 at 78. She testified that Father appeared intoxicated at one of the custody exchanges. ***Id.*** at 89. Mother also visited the former marital residence, where Father was staying following separation, and took pictures of beer located in the refrigerator, numerous empty beer cans on the kitchen counter, an empty "thirty pack" of beer in the trash can, and numerous empty beer cans in the garage. ***Id.*** at 98-102; Pl.'s Ex. 5a-i. Mother and Father sold the former marital residence in November 2015, approximately seven months after their separation.

[4] Father admitted to two driving under the influence incidents at the end of 2007. N.T., 3/29/16, at 54. He denied drinking twelve hours before or during his periods of custody. ***Id.*** Father was aware that Mother suspected

that Father's drinking has negatively impacted [Child] while she was in his custody.

Trial Ct. Op. & Order at 6-7. The court concluded that the history of drug or alcohol abuse of a party or a member of the party's household was not a "factor . . . in favor of either party." *Id.* at 7.

Instantly, the allegation that Father was found in contempt for violating the provision that he not consume alcohol twelve hours before taking custody of Child, if true, has the potential to disturb the trial court's credibility determinations regarding Father's "drinking habits." Moreover, there is an allegation that Father has agreed to submit to a drug and alcohol evaluation. The results of that evaluation could be material to the trial court's findings of fact and credibility determination as it pertains to "[t]he history of drug or alcohol abuse of a party or member of a party's household." 23 Pa.C.S. § 5328(a)(14). Moreover, it could cause the trial court to reweigh this factor or the possible impact Father's conduct may have on Child.

In light of the continuing duty to protect a child's best interests and welfare, we conclude that it is in the best interests of Child to vacate the April 13, 2016 order to permit the trial court to consider in the first instance

---

he was drinking before a custody exchange, but indicated that the suspicion was based on the odor of cigarettes. *Id.* at 55. Father admitted that he drank four or five beers with friends at dinner the evening before taking custody of Child at 2:00 p.m. the following day. He denied consuming alcohol twelve hours before the exchange or being intoxicated. *Id.* at 121.

the allegations against Father and the possible results of the drug and alcohol evaluation. Thus, we vacate the order as a whole. In so doing, the trial court may address its former requirement that Father utilize maternal grandmother for childcare as well as the suitability of requiring the parties to agree upon a physical custody schedule on a monthly basis. The court shall permit any additional evidence and argument as it deems necessary.

Father, in the appeal docketed at 753 MDA 2016, presents the following questions for review:

> Did the trial court abuse its discretion and act contrary to the weight of the evidence in entering a shared physical custody schedule based on the schedule in the Order of Court and Directive for Conciliation entered on June 4, 2015 when both parties creditably testified that it was difficult for them to agree to a custody schedule each month and that it would be in [Child's] best interest if she had a set and predictable custody schedule[?]

> Did the trial court abuse its discretion and act contrary to the weight of the evidence and its own factual conclusions in entering an Order that "In the event that Father needs childcare for the child, he shall utilize maternal grandmother as his child-care provider, if she is available," when the [t]rial [c]ourt found that both parents have extended family that are involved in [Child's] life and "are available to provide resources for [Child]"[?]

> Did the [t]rial [c]ourt abuse its discretion by entering provision five (5) of the Order as this provision is contrary to the weight of the evidence and gives preferential treatment to Mother's extended family to the detriment of Father's extended family[?]

- 11 -

Father's Brief at 8.[5]  Instantly, our decision to vacate the April 13, 2016 order moots Father's issues on appeal.

Order vacated.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2017

---

[5] We have shortened Father's statement of the questions presented to exclude unnecessary detail.  **See** Pa.R.A.P. 2116(a).  Moreover, Father presented a fourth question for review, namely:

> Did the [t]rial [c]ourt abuse its discretion by permitting the entrance of [Mother]'s exhibits 4e, 4f, and 4h as these exhibits are [text-message] communications between the parties regarding settlement negotiations and offers of compromise in the entrance of the June 4, 2015 Order of Court and should have been excluded under Pa.R.E. 408[?]

Father's Brief at 9.  However, Father notes he "waives his right to pursue these erroneous evidentiary rulings on appeal."  **Id.**  A review of Father's brief confirms that he has abandoned that issue.